IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **ELECTRONIC FRONTIER FOUNDATION**<br>1875 Connecticut Avenue, N.W.<br>Suite 650<br>Washington, DC 20009,<br><br>                    Plaintiff,<br><br>        v.<br><br>**DEPARTMENT OF DEFENSE,**<br>The Pentagon<br>Washington, DC 20301,<br><br>                    Defendant. | Civil Action No. _____ |

## COMPLAINT FOR INJUNCTIVE RELIEF

1. This is an action under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, for injunctive and other appropriate relief. Plaintiff Electronic Frontier Foundation seeks the expedited processing and release of agency records requested by Plaintiff from the Defendant Department of Defense and its component, the Department of the Army. Specifically, Plaintiff seeks disclosure of records concerning an Army unit that monitors the Internet publishing activities of soldiers and seeks to have online material removed from Internet websites when it is deemed to be a security threat. Because the requested records involve a matter of substantial public interest, and there is an "urgency to inform the public" about the Army's regulation of soldiers' online speech, Plaintiff is statutorily entitled to expedited treatment of its request.

### Jurisdiction and Venue

2. This Court has both subject matter jurisdiction over this action and personal jurisdiction over the parties pursuant to 5 U.S.C. §§ 552(a)(4)(B) and 552(a)(6)(E)(iii). This Court also has jurisdiction over this action pursuant to 28 U.S.C. § 1331. Venue lies in this district under 5 U.S.C. § 552(a)(4)(B).

**Parties**

3. Plaintiff Electronic Frontier Foundation ("EFF") is a not-for-profit corporation established under the laws of the State of California, with offices in San Francisco, California and Washington, DC. EFF is a donor-supported membership organization that works to inform policymakers and the general public about civil liberties issues related to technology, and to act as a defender of those liberties. In support of its mission, EFF uses the FOIA to obtain and disseminate information concerning the activities of federal agencies.

4. Defendant Department of Defense ("DOD") is a Department of the Executive Branch of the United States Government. DOD is an "agency" within the meaning of 5 U.S.C. § 552(f). The Department of the Army ("Army") is a component within Defendant Department of Defense.

**The Army Web Risk Assessment Cell's  
Surveillance of Soldiers' Online Speech**

5. According to an article published by the Army News Service on October 12, 2006, an Army unit known as the Army Web Risk Assessment Cell ("AWRAC") "scan[s] official and unofficial Army Web sites for operational security violations," and "notifies webmasters and blog writers when they find documents, pictures and other items that may compromise security."

6. On October 29, 2006, the Associated Press reported on the AWRAC's activities. The Associated Press article cited the leader of a National Guard unit working with the AWRAC as saying, *inter alia*, that the AWRAC "has reviewed hundreds of thousands of sites every month, sometimes e-mailing or calling soldiers asking them to take material down."

7. The Associated Press article also stated that some soldiers had changed their blogs or stopped blogging altogether because they are unsure whether their activities violated military

blogging guidelines. A Wired News article published on the same day similarly noted, "[r]esponding to a perceived crackdown, authors behind some of the web's more popular military blogs have voluntarily shut down, or plan to curtail posts."

8. The October 29, 2006 Wired News article also stated:

[t]he recent pressure on U.S. [military bloggers] . . . highlights the security risks of blogging by active military person[n]el —including those in Iraq with access to e-mail and the Internet. But it also signals a growing culture clash between military traditions of censorship and the expectations of young soldiers weaned on open digital culture, according to current and former military personnel.

9. After the publication of the Associated Press and Wired News articles, the AWRAC attracted substantial media interest around the globe.

### Plaintiff's Freedom of Information Act Requests, Requests for Expedited Processing, and Requests for Favorable Fee Status

10. By similar letters transmitted to Defendant DOD and the Army via facsimile on November 2, 2006, Plaintiff requested under the FOIA the following agency records from January 1, 2002 to the date of the requests (including, but not limited to, electronic records):

A. Emails, letters, statements, memoranda, or other correspondence providing guidance or criteria to or from the Army Web Risk Assessment Cell on how to conduct Internet surveillance and/or monitoring;

B. Records describing how data collected by the Army Web Risk Assessment Cell is retained, secured, used, disclosed to other entities, or combined with information from other sources;

C. Any guidance or requirements issued to soldiers on blogging or posting material on the Internet;

D. All requests or orders from Army officials to soldiers concerning revision or deletion of material from soldiers' blogs or websites;

E. All records concerning and/or discussing the applicability of the Privacy Act of 1974 to the Army Web Risk Assessment Cell's collection of information about bloggers; and

3

  F. All reviews or audits conducted on the implications of military blogging and the Army's surveillance and/or monitoring thereof.

 11. On information and belief, Defendant DOD and the Army received Plaintiff's letters described in ¶ 10 on November 2, 2006.

 12. Plaintiff requested expedited processing of the FOIA requests described in ¶ 10 in conformance with the requirements for such requests set forth in Defendant DOD's regulations. Plaintiff stated that its FOIA requests meet the criteria for expedited processing under 32 C.F.R. § 286.4(d)(3)(ii) because they information they request "is urgently needed by an individual primarily engaged in disseminating information in order to inform the public concerning actual or alleged Federal Government activity."

 13. In support of its requests for expedited processing, Plaintiff provided evidence of substantial news media interest in the AWRAC, including results from a Google News search for "Army Web Risk Assessment Cell" that returned links to 135 stories from news outlets throughout the world after the publication of the Army New Service's article about the unit.

 14. In further support of its requests for expedited processing, Plaintiff noted that "the Army itself has recognized both the newsworthiness of this matter and the importance of informing the public of the Army Web Risk Assessment Cell's work when it published its October 12, 2006 Army News Service article about the operation."

 15. Plaintiff provided Defendant DOD and the Army extensive documentation demonstrating that Plaintiff is "primarily engaged in disseminating information" for purposes of expedited processing.

16. In its letters dated November 2, 2006, Plaintiff further requested that it not be charged search or review fees for the processing of its FOIA requests because EFF qualifies as a "representative of the news media" pursuant to the FOIA and Defendant DOD's regulations, specifically 32 C.F.R. § 286.28(e)(7).

17. Plaintiff provided Defendant DOD and the Army extensive documentation demonstrating that it qualifies as a "representative of the news media" for fee assessment purposes.

### The Army's Failure to Respond to Plaintiff's Request for Expedited Processing and Plaintiff's FOIA Request

18. By letter dated November 6, 2006, the Army acknowledged receipt of Plaintiff's FOIA request.

19. To date, the Army has not responded to Plaintiff's request for expedited processing, nor has it released documents in response to Plaintiff's FOIA request.

### Defendant DOD's Denial of Plaintiff's Request for Expedited Processing and Failure to Respond to Plaintiff's FOIA Request

20. By letter dated November 13, 2006, DOD acknowledged receipt of Plaintiff's request, and denied Plaintiff's request for expedited processing, stating, "[t]he information you have requested would not be considered the subject of a breaking news story because it has already been the subject of multiple national news stories, including an Army News Service article. Accordingly, I have determined that the criteria for granting expedited processing . . . are not met in this case. For these reasons, your request for expedited processing is denied."

21. Defendant DOD also denied Plaintiff's request for favorable news media fee status, stating, "[a]lthough I note that EFF publishes an online newsletter, I find that publishing and/or

disseminating information is not a main professional activity of EFF; therefore, EFF does not qualify as a representative in the news media."

22. By facsimile transmitted to Defendant DOD on December 12, 2006, Plaintiff appealed DOD's determination on both expedited processing and Plaintiff's fee status.

23. By letter dated January 16, 2007, Defendant DOD granted EFF's request that it be treated as a "representative of the news media" for fee assessment purposes. However, DOD upheld its denial of expedited processing.

24. In its letter to Plaintiff dated January 16, 2007, Defendant DOD asserted that Plaintiff had failed to demonstrate that there is an "urgency to inform the public" about the subject of Plaintiff's FOIA request, but did not challenge Plaintiff's assertion that EFF is "primarily engaged in disseminating information."

25. To date, Defendant DOD and the Army have failed to disclose any records responsive to Plaintiff's requests.

26. Plaintiff is entitled to expedited processing of its FOIA requests under the standards set forth in the FOIA and Defendant DOD's regulations.

27. Defendant DOD and the Army have violated the 20-working-day statutory time limit for the processing of FOIA requests.

28. Plaintiff has exhausted all applicable administrative remedies.

29. Defendant DOD and the Army have wrongfully withheld the requested records from Plaintiff.

## CAUSES OF ACTION

### First Cause of Action:
### Violation of the Freedom of Information Act for
### Failure to Grant Expedited Processing

30. Plaintiff repeats and realleges ¶¶ 1-29.

31. Defendant DOD and the Army's failure to grant Plaintiff's requests for expedited processing violate the FOIA, 5 U.S.C. § 552(a)(6)(E)(i), and Defendant DOD's own regulation promulgated thereunder, 32 C.F.R. § 286.4(d)(3)(ii).

32. Plaintiff has exhausted the applicable administrative remedies with respect to Defendant DOD and the Army's failure to grant Plaintiff's requests for expedited processing.

33. Plaintiff is entitled to injunctive relief with respect to its requests for expedited processing.

### Second Cause of Action:
### Violation of the Freedom of Information Act for
### Wrongful Withholding of Agency Records

34. Plaintiff repeats and realleges ¶¶ 1-29.

35. Defendant DOD and the Army have wrongfully withheld agency records requested by Plaintiff by failing to comply with the statutory time limit for the processing of FOIA requests.

36. Plaintiff has exhausted the applicable administrative remedies with respect to Defendant DOD and the Army's wrongful withholding of the requested records.

37. Plaintiff is entitled to injunctive relief with respect to the release and disclosure of the requested documents.

**Requested Relief**

WHEREFORE, Plaintiff prays that this Court:

A. Order Defendant DOD and its component the Army to expedite the processing of Plaintiff's November 2, 2006, FOIA requests;

B. Order Defendant DOD and the Army to expeditiously disclose the requested records in their entireties and make copies available to Plaintiff;

C. Provide for expeditious proceedings in this action;

D. Retain jurisdiction of this action to ensure that the processing of Plaintiff's request is expedited;

E. Award Plaintiff its costs and reasonable attorneys fees incurred in this action; and

F. Grant such other relief as the Court may deem just and proper.

Respectfully submitted,

____/s/ Marcia Hofmann_____
MARCIA HOFMANN
D.C. Bar No. 484136

DAVID L. SOBEL
D.C. Bar No. 360418

ELECTRONIC FRONTIER FOUNDATION
1875 Connecticut Avenue, N.W.
Suite 650
Washington, DC 20009
(202) 797-9009

Counsel for Plaintiff

# CIVIL COVER SHEET

JS-44
(Rev. 2/01 DC)

## I (a) PLAINTIFFS
Electronic Frontier Foundation

**(b)** COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF __DC__
(EXCEPT IN U.S. PLAINTIFF CASES)

//00/

**(c)** ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)
Marcia Hofmann, Electronic Frontier Foundation
1875 Connecticut Ave. NW, Suite 650
Washington, DC 20009   (202) 797-9009

## DEFENDANTS
Department of Defense

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES

CASE NUMBER 1:07CV00216
JUDGE: Emmet G. Sullivan
DECK TYPE: FOIA/Privacy Act
DATE STAMP: 01/31/2007

## II BASIS OF JURISDICTION
(PLACE AN x IN ONE BOX ONLY)

☐ 1 U.S. Government Plaintiff
☐ 3 Federal Question (U.S. Government Not a Party)
☒ 2 U.S. Government Defendant
☐ 4 Diversity (Indicate Citizenship of Parties in item III)

## III CITIZENSHIP FOR PLAINTIFF AND DEFENDANT

|  | PTF | DFT |  | PTF | DFT |
|---|---|---|---|---|---|
| Citizen of this State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. CASE ASSIGNMENT AND NATURE OF SUIT
(Place a X in one category, A-N, that best represents your cause of action and **one** in a corresponding Nature of Suit)

### ☐ A. Antitrust
☐ 410 Antitrust

### ☐ B. Personal Injury/Malpractice
☐ 310 Airplane
☐ 315 Airplane Product Liability
☐ 320 Assault, Libel & Slander
☐ 330 Federal Employers Liability
☐ 340 Marine
☐ 345 Marine Product Liability
☐ 350 Motor Vehicle
☐ 355 Motor Vehicle Product Liability
☐ 360 Other Personal Injury
☐ 362 Medical Malpractice
☐ 365 Product Liability
☐ 368 Asbestos Product Liability

### ☒ C. Administrative Agency Review
☐ 151 Medicare Act

**Social Security:**
☐ 861 HIA ((1395ff))
☐ 862 Black Lung (923)
☐ 863 DIWC/DIWW (405(g)
☐ 864 SSID Title XVI
☐ 865 RSI (405(g)

**Other Statutes**
☐ 891 Agricultural Acts
☐ 892 Economic Stabilization Act
☐ 893 Environmental Matters
☐ 894 Energy Allocation Act
☐ 890 Other Statutory Actions (If Administrative Agency is Involved)

### ☐ D. Temporary Restraining Order/Preliminary Injunction

Any nature of suit from any category may be selected for this category of case assignment.

*(If Antitrust, then A governs)*

## ☐ E. General Civil (Other) OR ☐ F. Pro Se General Civil

**Real Property**
☐ 210 Land Condemnation
☐ 220 Foreclosure
☐ 230 Rent, Lease & Ejectment
☐ 240 Torts to Land
☐ 245 Tort Product Liability
☐ 290 All Other Real Property

**Personal Property**
☐ 370 Other Fraud
☐ 371 Truth in Lending
☐ 380 Other Personal Property Damage
☐ 385 Property Damage Product Liability

**Bankruptcy**
☐ 422 Appeal 28 USC 158
☐ 423 Withdrawal 28 USC 157

**Prisoner Petitions**
☐ 535 Death Penalty
☐ 540 Mandamus & Other
☐ 550 Civil Rights
☐ 555 Prison Condition

**Property Rights**
☐ 820 Copyrights
☐ 830 Patent
☐ 840 Trademark

**Forfeiture/Penalty**
☐ 610 Agriculture
☐ 620 Other Food & Drug
☐ 625 Drug Related Seizure of Property 21 USC 881
☐ 630 Liquor Laws
☐ 640 RR & Truck
☐ 650 Airline Regs
☐ 660 Occupational Safety/Health
☐ 690 Other

**Federal Tax Suits**
☐ 870 Taxes (US plaintiff or defendant
☐ 871 IRS-Third Party 26 USC 7609

**Other Statutes**
☐ 400 State Reapportionment
☐ 430 Banks & Banking
☐ 450 Commerce/ICC Rates/etc.
☐ 460 Deportation
☐ 470 Racketeer Influenced & Corrupt Organizations
☐ 810 Selective Service
☐ 850 Securities/Commodities/Exchange
☐ 875 Customer Challenge 12 USC 3410
☐ 900 Appeal of fee determination under equal access to Justice
☐ 950 Constitutionality of State Statutes
☐ 890 Other Statutory Actions (if not administrative agency review or Privacy Act)

| ☐ G. *Habeas Corpus/2255* | ☐ H. *Employment Discrimination* | ☒ I. *FOIA/PRIVACY ACT* | ☐ J. *Student Loan* |
|---|---|---|---|
| ☐ 530 Habeas Corpus-General<br>☐ 510 Motion/Vacate Sentence | ☐ 442 Civil Rights-Employment (criteria: race, gender/sex, national origin, discrimination, disability, age, religion, retaliation)<br><br>*(If pro se, select this deck)* | ☒ 895 Freedom of Information Act<br>☐ 890 Other Statutory Actions (if Privacy Act)<br><br>*(If pro se, select this deck)* | ☐ 152 Recovery of Defaulted Student Loans (excluding veterans) |

| ☐ K. *Labor/ERISA (non-employment)* | ☐ L. *Other Civil Rights (non-employment)* | ☐ M. *Contract* | ☐ N. *Three-Judge Court* |
|---|---|---|---|
| ☐ 710 Fair Labor Standards Act<br>☐ 720 Labor/Mgmt. Relations<br>☐ 730 Labor/Mgmt. Reporting & Disclosure Act<br>☐ 740 Labor Railway Act<br>☐ 790 Other Labor Litigation<br>☐ 791 Empl. Ret. Inc. Security Act | ☐ 441 Voting (if not Voting Rights Act)<br>☐ 443 Housing/Accommodations<br>☐ 444 Welfare<br>☐ 440 Other Civil Rights | ☐ 110 Insurance<br>☐ 120 Marine<br>☐ 130 Miller Act<br>☐ 140 Negotiable Instrument<br>☐ 150 Recovery of Overpayment & Enforcement of Judgment<br>☐ 153 Recovery of Overpayment of Veteran's Benefits<br>☐ 160 Stockholder's Suits<br>☐ 190 Other Contracts<br>☐ 195 Contract Product Liability | ☐ 441 Civil Rights-Voting (if Voting Rights Act) |

**V. ORIGIN**
☒ 1 Original Proceeding   ☐ 2 Removed from State Court   ☐ 3 Remanded from Appellate Court   ☐ 4 Reinstated or Reopened   ☐ 5 Transferred from another district (specify)   ☐ 6 Multi district Litigation   ☐ 7 Appeal to District Judge from Mag. Judge

**VI. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE.)
FOIA, 5 U.S.C. § 552

**VII. REQUESTED IN COMPLAINT**   CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23 ☐   DEMAND $   Check YES only if demanded in complaint   JURY DEMAND: ☐ YES  ☒ NO

**VIII. RELATED CASE(S) IF ANY**   (See instruction)   ☐ YES  ☒ NO   If yes, please complete related case form.

DATE 1/31/07   SIGNATURE OF ATTORNEY OF RECORD   *Marcia Hofmann*

**INSTRUCTIONS FOR COMPLETING CIVIL COVER SHEET JS-44**
Authority for Civil Cover Sheet

The JS-44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. Listed below are tips for completing the civil cover sheet. These tips coincide with the Roman Numerals on the Cover Sheet.

I.  COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF/DEFENDANT (b) County of residence: Use 11001 to indicate plaintiff is resident of Washington, D.C.; 88888 if plaintiff is resident of the United States but not of Washington, D.C., and 99999 if plaintiff is outside the United States.

III. CITIZENSHIP OF PRINCIPAL PARTIES: This section is completed only if diversity of citizenship was selected as the Basis of Jurisdiction under Section II.

IV. CASE ASSIGNMENT AND NATURE OF SUIT: The assignment of a judge to your case will depend on the category you select that best represents the primary cause of action found in your complaint. You may select only one category. You must also select one corresponding nature of suit found under the category of case.

VI. CAUSE OF ACTION: Cite the US Civil Statute under which you are filing and write a brief statement of the primary cause.

VIII. RELATED CASES, IF ANY: If you indicated that there is a related case, you must complete a related case form, which may be obtained from the Clerk's Office.

Because of the need for accurate and complete information, you should ensure the accuracy of the information provided prior to signing the form.

